

**United States Department of Justice**

United States Attorney
Southern District of West Virginia

---

Robert C. Byrd United States Courthouse
300 Virginia Street, East
Suite 4000
Charleston, WV 25301

1-800-659-8726
304-345-2200
FAX: 304-347-5104

October 10, 2024

David O. Schles
815 Quarrier Street
Suite 306
Charleston, WV 25301

      Re:  United States v. Mark Holdren
           Criminal No. 5:23-cr-00188 (USDC SDWV)

Dear Mr. Schles:

    This will confirm our conversations with regard to your client, Mark Holdren (hereinafter "Mr. Holdren"). As a result of these conversations, it is agreed by and between the United States and Mr. Holdren as follows:

    1.  **PENDING CHARGES.** Mr. Holdren is charged in six counts of an eighteen-count indictment as follows:

        (a)  Count One charges Mr. Holdren with a violation of 18 U.S.C. § 241 (Conspiracy Against Rights of Victim Q.B. Resulting in Bodily Injury and Death);

        (b)  Count Two charges Mr. Holdren with a violation of 18 U.S.C. § 242 (Deprivation of Rights of Victim Q.B. Under Color of Law Resulting in Bodily Injury and Death;

        (c)  Count Four charges Mr. Holdren with a violation of 18 U.S.C. § 1512(k) (Conspiracy to Tamper with a Witness);

        (d)  Count Six charges Mr. Holdren with a violation of 18 U.S.C. § 1512(b)(3) (Tampering with a Witness);

_____
Defendant's Initials

David O. Schles, Esq.
October 10, 2024
Page 2                                          Re: Mark Holdren

    (e)  Count Twelve charges Mr. Holdren with a violation of 18 U.S.C. 1519 (False Report); and

    (f)  Count Fifteen Charges Mr. Holdren with a violation of 18 U.S.C. § 1001 (False Statement).

    2.  **RESOLUTION OF CHARGES.** Mr. Holdren will plead guilty to Count One of the Indictment, which charges him with a violation of 18 U.S.C. § 241 (Conspiracy Against Rights of Victim Q.B. Resulting in Bodily Injury and Death). Following final disposition, the United States will move the Court to dismiss Counts Two, Four, Six, Twelve, and Fifteen in Criminal No. 5:23-cr-00188 as to Mr. Holdren.

    3.  **MAXIMUM POTENTIAL.** The maximum penalty to which Mr. Holdren faces under Count One is imprisonment for a period of up to life. However, if the Court accepts the plea agreement, as set forth in Paragraph 11 below, the maximum penalty to which Mr. Holdren will be exposed by virtue of this guilty plea is as follows:

    (a)  imprisonment for a period of up to 360 months;

    (b)  A fine of $250,000 or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

    (c)  A term of supervised release of not more than five years;

    (d)  A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013; and

    (e)  An order of restitution pursuant to 18 U.S.C. §§ 3663A and 3664, or as otherwise set forth in this plea agreement.

    4.  **RESTITUTION.** Mr. Holdren understands that, in

_____
Defendant's Initials

David O. Schles, Esq.
October 10, 2024                              Re: Mark Holdren
Page 3


accordance with 18 U.S.C. § 3663A, the Court shall order restitution to the victim's estate in this case for the full amount of the victim's losses, if any. Mr. Holdren further agrees to pay such restitution, with interest as allowed by law, to the fullest extent financially feasible. In aid of restitution, Mr. Holdren further agrees as follows:

(a) Mr. Holdren agrees to fully assist the United States in identifying and locating any assets to be applied toward restitution and to give signed, sworn statements and testimony concerning assets upon request of the United States.

(b) Mr. Holdren will fully complete and execute, under oath, a Financial Statement and a Release of Financial Information on forms supplied by the United States and will return these completed forms to counsel for the United States within seven calendar days from the date of the signing of this plea agreement.

(c) Mr. Holdren agrees not to dispose of, transfer or otherwise encumber any real or personal property which he currently owns or in which he holds an interest.

(d) Mr. Holdren agrees to fully cooperate with the United States in the liquidation of assets to be applied towards restitution, to execute any and all documents necessary to transfer title of any assets available to satisfy restitution, to release any and all right, title and interest he may have in and to such property, and waives his right to exemptions under the Federal Debt Collection Procedures Act upon levy against and the sale of any such property.

(e) Mr. Holdren agrees not to appeal any order of the District Court imposing restitution unless the amount of restitution imposed exceeds $10,000. However, nothing in this provision is intended to preclude the Court from

_____/MH/_____
Defendant's
Initials

David O. Schles, Esq.
October 10, 2024
Page 4

Re: Mark Holdren

        ordering Mr. Holdren to pay a greater or lesser sum of restitution in accordance with law.

    5.    **SPECIAL ASSESSMENT.** Prior to the entry of a plea pursuant to this plea agreement, Mr. Holdren will tender a check or money order to the Clerk of the United States District Court for $100, which check or money order shall indicate on its face the name of defendant and the case number. The sum received by the Clerk will be applied toward the special assessment imposed by the Court at sentencing. Mr. Holdren will obtain a receipt of payment from the Clerk and will tender a copy of such receipt to the United States, to be filed with the Court as an attachment to this plea agreement. If Mr. Holdren fails to provide proof of payment of the special assessment prior to or at the plea proceeding, the United States will have the right to void this plea agreement. In the event this plea agreement becomes void after payment of the special assessment, such sum shall be promptly returned to Mr. Holdren.

    6.    **PAYMENT OF MONETARY PENALTIES.** Mr. Holdren authorizes the Financial Litigation Program in the United States Attorney's Office to obtain a credit report from any major credit reporting agency prior to sentencing in order to assess his financial condition for sentencing purposes. Mr. Holdren agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Holdren further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

    Mr. Holdren authorizes the United States, through the Financial Litigation Program, to submit any unpaid criminal

_____
Defendant's Initials *[MH]*

David O. Schles, Esq.
October 10, 2024                          Re: Mark Holdren
Page 5

monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or history at that time.

In addition to any payment ordered by the Court, Mr. Holdren shall pay all monies received from any source other than earned income, including but not limited to, lottery winnings, gambling proceeds, judgments, inheritances, and tax refunds, toward the court ordered restitution or fine.

Mr. Holdren agrees that if he retains counsel or has appointed counsel in response to the United States' efforts to collect any monetary penalty, he shall immediately notify the United States Attorney's Office, Attention: Financial Litigation Program, 300 Virginia Street E., Suite 4000, Charleston, West Virginia 25301, in writing and shall instruct his attorney to notify FLP immediately of his representation.

7. **COOPERATION.** Mr. Holdren will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Mr. Holdren may have counsel present except when appearing before a grand jury. Further, Mr. Holdren agrees to be named as an unindicted co-conspirator and unindicted aider and abettor, as appropriate, in subsequent indictments or informations.

8. **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Mr. Holdren, and except as expressly provided for in paragraph 10 below, nothing contained in any statement or testimony provided by him pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

_____
Defendant's Initials

David O. Schles, Esq.
October 10, 2024                              Re: Mark Holdren
Page 6


9.  **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Holdren for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Holdren for perjury or false statement if such a situation should occur pursuant to this agreement.

10. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Holdren stipulate and agree that the facts comprising the offense of conviction include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit A."

Mr. Holdren agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by him, and he is subsequently tried for his conduct alleged in the indictment and other relevant conduct, as more specifically described in the Stipulation of Facts, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Mr. Holdren or of any of his witnesses, or in rebuttal of any testimony introduced by him or on his behalf. Mr. Holdren knowingly and voluntarily waives, see United States v. Mezzanatto, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

The United States and Mr. Holdren understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

_____
Defendant's Initials

David O. Schles, Esq.
October 10, 2024
Page 7                                              Re: Mark Holdren


11. **RULE 11(c)(1)(C) AGREEMENT.** Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States and Mr. Holdren agree that a sentence not exceeding imprisonment for 360 months is the appropriate disposition of this case. Mr. Holdren understands that this agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C) is not binding on the District Court unless and until the District Court accepts this plea agreement. If the Court refuses to accept this plea agreement, Mr. Holdren has the right to void this agreement and may withdraw his guilty plea.

12. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Mr. Holdren knowingly and voluntarily waives his right to seek appellate review of his conviction and of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742(a), except that the defendant may appeal any sentence that exceeds the maximum penalty prescribed by statute. Mr. Holdren also knowingly and voluntarily waives any right to seek appellate review of any claim or argument that (1) the statute of conviction (18 U.S.C. § 241) is unconstitutional, and (2) Mr. Holdren's conduct set forth in the Stipulation of Facts (Plea Agreement Exhibit A) does not fall within the scope of 18 U.S.C. § 241.

The United States also agrees to waive its right to appeal any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever, including any ground set forth in 18 U.S.C. § 3742(b), except that the United States may appeal any sentence that is below the minimum penalty, if any, prescribed by statute.

Mr. Holdren also knowingly and voluntarily waives the right to challenge his guilty plea and conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

_MH_
Defendant's Initials

David O. Schles, Esq.
October 10, 2024                              Re: Mark Holdren
Page 8

    The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

    13.  **WAIVER OF FOIA AND PRIVACY RIGHT.** Mr. Holdren knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

    14.  **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises, as to a specific sentence. The United States reserves the right to:

(a) Inform the Probation Office and the Court of all relevant facts and conduct;

(b) Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

(c) Respond to questions raised by the Court;

(d) Correct inaccuracies or inadequacies in the presentence report;

(e) Respond to statements made to the Court by or on behalf of Mr. Holdren;

(f) Advise the Court concerning the nature and extent of Mr. Holdren's cooperation; and

(g) Address the Court regarding the issue of Mr. Holdren's acceptance of responsibility.

                                                  _MH_ (initials)
                                                         Defendant's Initials

David O. Schles, Esq.
October 10, 2024　　　　　　　　　　Re: Mark Holdren
Page 9

15. **VOIDING OF AGREEMENT.** If either the United States or Mr. Holdren violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

16. **ENTIRETY OF AGREEMENT.** This written agreement constitutes the entire agreement between the United States and Mr. Holdren in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Holdren in any Court other than the United States District Court for the Southern District of West Virginia.

Acknowledged and agreed to on behalf of the United States:

WILLIAM S. THOMPSON
United States Attorney

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

By: *(signature)*

Christine M. Siscaretti
Deputy Chief of Operations

Tenette Smith
Trial Attorney
Criminal Section
Civil Rights Division

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this 10-

_____
Defendant's Initials

page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____      __10/16/24_____
Mark Holdren                                     Date Signed
Defendant

_____      __10/16/24_____
David O. Schles, Esq.                     Date Signed
Counsel for Defendant

_____
Defendant's
Initials

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.                            CRIMINAL NO. 5:23-cr-00188

MARK HOLDREN

### STIPULATION OF FACTS

The United States and MARK HOLDREN (hereinafter "the defendant") stipulate and agree that the facts comprising the offense of conviction (Count One in the Indictment in Criminal No. 5:23-cr-00188) include the following:[1]

On or about March 1, 2022, the defendant was serving as a correctional officer with the West Virginia Division of Corrections and Rehabilitation at Southern Regional Jail ("SRJ") in Beaver, Raleigh County, West Virginia. Q.B. was a 37-year-old pre-trial detainee in the custody of SRJ.

Based on his training and experience as an SRJ correctional officer, defendant knew that officers could not use unreasonable force to punish inmates, including pretrial detainees. Defendant also knew, based on his training and experience, that officers had a duty to intervene to stop fellow officers from using unreasonable force against inmates, including pretrial detainees.

---

[1] The United States and the defendant further stipulate and agree that this Stipulation of Facts and Factual Basis for Guilty Plea does not contain each and every fact known to the defendant and to the United States concerning his involvement and the involvement of others in the charge set forth in the Indictment.

However, in spite of this training and experience, prior to March 1, 2022, defendant and other officers would sometimes bring inmates who engaged in misconduct to "blind spots" – meaning, areas in SRJ where there were no surveillance cameras – and use unreasonable force against the inmates to punish them. Defendant and other officers would use "blind spots" for this purpose so that they could avoid being held accountable for using unreasonable force. Interview rooms and cells inside A-pod were some of the "blind spots" defendant and other officers used for this purpose.

On or about March 1, 2022, the defendant responded to a call for officer assistance after Q.B. tried to push past a correctional officer and leave C-pod, which was a housing unit for inmates. When the defendant arrived at the sallyport of C-pod, Q.B. was on the floor and other correctional officers were engaged in using force against Q.B. Defendant also began using force against Q.B., including multiple knee-strikes against Q.B. that were unreasonable. The defendant and other officers restrained and handcuffed Q.B. in the C-pod sallyport.

Following the use of force in the C-pod sallyport, the defendant and other correctional officers, while acting under color of law, willfully combined, conspired, and agreed to injure, oppress, threaten, and intimidate Q.B. in the free exercise and enjoyment of a right secured and protected by the Constitution and laws of the United States, namely, the right not to be deprived of due process of law, which includes the right to be free from the use of unreasonable force by correctional officers. Specifically, the defendant and other members of the conspiracy agreed to use unreasonable force to punish Q.B. in retaliation for Q.B.'s attempt to push past a correctional officer and leave C-pod; and, aided and abetted by each other, did punish Q.B. by assaulting him. Q.B.

**PLEA AGREEMENT EXHIBIT A**

2

suffered bodily injury and died because of the acts of the defendant and other correctional officers.

In furtherance of this conspiracy, and to achieve its objectives, the defendant and members of the conspiracy, aided and abetted by each other, committed the following overt acts, among others:

a. The defendant and other members of the conspiracy brought Q.B. from C-pod to an interview room which he knew was a "blind spot."

b. After they entered the interview room, the defendant and other members of the conspiracy assaulted and injured Q.B. to punish him for attempting to leave C-pod. Specifically, the defendant and other officers, aiding and abetting one another, struck Q.B. in the head multiple times; kicked Q.B.; knee-struck Q.B.; pulled and twisted his fingers; and sprayed him with OC spray. As the defendant and other members of the conspiracy assaulted him, Q.B. was restrained, handcuffed, and posed no threat to anyone.

c. The defendant and other members of the conspiracy then removed Q.B. from the interview room and brought him to a cell in A-pod, which was another "blind spot." En route to A-pod, Q.B. went limp and went down to the floor. The defendant and other officers then picked up Q.B., who was still handcuffed, and carried him.

d. Inside the cell in A-pod, the defendant and other members of the conspiracy dropped the handcuffed Q.B., facedown, on the concrete floor. Defendant saw a member of the conspiracy kick Q.B. while Q.B. was on the floor. Q.B. appeared to be unresponsive and was not breathing while in the cell.

e. Paramedics were called to SRJ to render medical aid to Q.B., but defendant did not inform them about the force he and other

**PLEA AGREEMENT EXHIBIT A**

members of the conspiracy used against Q.B. because defendant did not want to be held accountable for the use of unreasonable force against Q.B.

These events all happened at or near Beaver, Raleigh County, West Virginia, which the defendant knows is in the Southern District of West Virginia.

Stipulated and agreed to:

_____          10/16/24
MARK HOLDREN                            Date
Defendant

_____          10/16/24
DAVID SCHLES, ESQ.                      Date
Counsel for Defendant

_____          10/23/24
WILLIAM S. THOMPSON                     Date
United States Attorney
Southern District of West Virginia

_____          10/24/24
                                        Date

_____          10/24/24
CHRISTINE M. SISCARETTI                 Date
Deputy Chief of Operations
TENETTE SMITH
Trial Attorney
Civil Rights Division

**PLEA AGREEMENT EXHIBIT A**
4