**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**BECKLEY DIVISION**

**UNITED STATES OF AMERICA**

**V.**　　　　　　　　　　　　　　　　　　**CRIMINAL NO. 5:23-CR-00188-002**

**COREY SNYDER**

**SENTENCING MEMORANDUM SUBMITTED ON BEHALF OF THE DEFENDANT, COREY SNYDER**

    Now comes the Defendant, Corey Snyder, by counsel, Richard M. Gunnoe, pursuant to this Court's prior Order and offers this Sentencing Memorandum to outline his position in regard to sentencing issues.

**I.　　OBJECTIONS TO PRESENTENCE REPORT**

    The Defendant, Corey Snyder has voiced no substantive objections to the Presentence Report that remain to be resolved by the Court. The United States has asserted an objection to the Guidelines Calculation and asserts that the applicable cross reference would be Felony Murder pursuant to U.S.S.G. 2A1.1(B). In the Presentence Report the Probation Officer indicates that he believes that the applicable cross reference would be found in U.S.S.G §2A1.3 (voluntary manslaughter). The Officer goes on to state that it is his opinion that the offenses listed in 18 U.S.C. § 1111 do not include the underlying offense in this matter. The Defendant believes that the position asserted in the Presentence Report is accurate and that the applicable cross reference would be voluntarily manslaughter.

    The Defendant believes that the cross reference to voluntary manslaughter is consistent with the facts of this case and the Government's assertion that First Degree Murder or Felony

1

Murder would be the appropriate cross reference is not supported by the facts of this case or the law. Specifically stated, the Defendant asserts that, as suggested by the Probation Officer in the Addendum to the PSR, the facts of this case do not comport with the language of 18 U.S.C § 1111, the felony murder statute. The Defendant asserts that 18 U.S.C. § 1111 sets out specific enumerated offenses that constitute felony murder. The underlying offense in this case is not among those enumerated in § 1111.

Further, the Defendant asserts that Voluntary Manslaughter as described in 18 U.S.C. 1112 does not necessarily include the intent to kill the victim. The Defendant acknowledges that a perpetrator may be guilty of voluntary manslaughter if he acted recklessly with extreme disregard for human life. The Defendant asserts that the Probation Officer's conclusion is consistent with the law and the facts of this case. The Defendant asserts that there was never an intent to kill the victim. He has acknowledged by his statements and as was detailed in the Stipulation that was part of the Plea Agreement that he acted in a reckless manner with an extreme disregard for human life. He has asserted throughout this proceeding that he never had the intention to take the life of the victim in this matter. He readily acknowledges that his action was completely inappropriate and reckless but denies that an intention to kill the victim was ever present in his mind.

The Government also asserts that, in the alternative, the Court should consider a cross reference of First-Degree Murder. The Defendant would again assert that there is no evidence of premeditation or intent as is required for that cross reference to be applicable. The Defendant further asserts that a cross reference to Second Degree Murder is also not applicable since intent to kill is also an element of that offense.

Basically stated, the Defendant acknowledges that his conduct was reckless with an extreme disregard for human life. He denies that he had any intention to kill the victim or that there was any plan or premeditation to do so. The Defendant acknowledges that his conduct was reprehensible, misguided and completely inappropriate but his intent was to punish the victim for his attempts to leave his pod and to punish him for the disturbance that he caused at the jail. It was never his intention to cause him permanent physical injury or death. The Defendant reflects on his conduct on a daily basis and regrets his inexcusable lack of judgement that resulted in his involvement in this matter.

## II.     APPLICATION OF GUIDELINES

The Defendant asserts that were the Court to overrule the objection of the Government as detailed above, that his base offense level would be 29 which is described in paragraph 47. of the PSR. The Defendant is also aware that the PSR calculation includes enhancements in paragraphs 48., 49., and 51. which would bring his Adjusted Offense Level to 39. The Defendant asserts that he is entitled to a three-level decrease for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) for the reasons detailed in the PSR making his Total Offense level 36. The Defendant agrees that his Criminal History Category is I as is calculated in the Presentence Report. His Guidelines range would be calculated based upon the total offense level of 36 as mentioned hereinabove and the Criminal History Category of I, the applicable guideline range would be 188-235 months as is set out in paragraph 82. of the Final Presentence Report.

**III.     18 U.S.C.A. § 3353 FACTORS**

(1)     The count of conviction in this case involved the Defendant entering a plea to the offense of Conspiracy to Violate the Civil Rights of Another, Resulting in Bodily Injury and Death in violation of 18 USC § 241.

(2)     The Defendant asserts that the imposition of sentence of less than 188 to 235 months would: (A) reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (B) afford adequate deterrence to criminal conduct; (C) protect the public from further crimes of the Defendant; and (D) provide the Defendant medical care or correctional treatment.

(3) and (4)     The guidelines sentence in this case is 188 to 235 months of confinement and other options are available to the Court as set forth in the Presentence Investigation Report.

(5)     The Defendant states that the sentence as discussed complies with the applicable guideline range.

(6)     The Defendant states that a sentence within the below recommended guideline range would avoid sentencing disparity for similarly situated defendants.

The Defendant may offer testimony at sentencing by way of mitigation of sentence.

IV.     OTHER FACTORS TO BE CONSIDERED

Having discussed the relevant factors as they relate to the calculation of the applicable guidelines range, it seems appropriate to discuss the personality and characteristics of the Defendant, Corey Snyder.

Corey now appears before this Court having entered a guilty plea. To his credit, he accepted responsibility for his conduct and entered a guilty plea after he became aware of the charges against him and after he had the opportunity to examine the voluminous discovery in the case and consult with counsel and he thereby saved the United States the time and expense of a trial. The Defendant has demonstrated, by his statements and conduct, that he clearly understands the wrongfulness of his conduct and has accepted responsibility for it by entering a guilty plea and cooperating with law enforcement officers that are continuing to investigate the matter and other matters related to the operation of the Southern Regional Jail.

Corey certainly appeared to be candid and truthful with the Probation Officer during his presentence interview. Corey detailed the circumstances of his childhood and his formative years and gave detail about his education, work history and personal life.  Corey is currently 30 years of age and has resided in Raleigh County since his birth. His parents have been married for his entire life and continue to reside in Raleigh County. He described his childhood as good. His father is a retired mine inspector and his mother is retired from her employment as a clerk at a prosthetics company. Corey described himself as a "C" student who was involved in basketball, baseball, track, and football in high school. He has been employed since high school and it appears from the PSR that he has a strong work history and that he has had regular employment his entire adult life.

He is currently engaged and is the father of a 2-year-old child. In addition, he has a close relationship with his fiancée's two child which are ages seven and nine and who reside in his home. He takes enjoys being a parent and takes great pride in being a good father not only to his child but to his fiancée's children.

In addition, Corey has many friend and family members in the community who have written letters on his behalf that were previously provided to the Court at the time of the preparation of the PSR. Multiple individuals have expressed their support for Corey and have detailed to the Court why they believe consideration should be given during sentencing based upon Corey's character and his standing in his community.

Also, of note is the fact that Corey has zero criminal history points which result in a Criminal History Category of I. Other than 2 traffic tickets and a juvenile offense for underage possession of tobacco, Corey has never even been charged with a criminal offense. This charge is his first exposure to the criminal justice system. His record indicates that he has been a law-abiding citizen for his entire life prior to his involvement in this matter.  His lack of criminal record and good standing in the community is also reflected by the fact that he was able to obtain employment at the Southern Regional Jail.

Corey clearly acknowledges that his conduct was serious and a clear violation of the law. He understands the wrongfulness of his acts and the need to make better decisions in the future. Since his arrest he has accepted responsibility for his conduct and expressed extreme remorse for his actions and for his failure to remedy the situation that existed at his place of employment. Corey fully understands and acknowledges that there is nothing that he can do to change the outcome for the victim or to make amends to his family and friends for their loss be he would do so if he could.

He regrets that he succumbed to peer pressure and became part of the systemic problem that existed at the Southern Regional Jail rather than standing up to those in positions of authority that perpetuated the corrupt system that existed. He regrets that he took the easy way out and became part of the group that broke the rules and used excessive force rather than standing up for what was right and enduring the consequences that would have resulted. He will reflect upon that choice for the rest of his life and he will always regret the toll that his conduct has taken on the family and friends of Mr. Burks as well as on his own family.

The Defendant would respectfully request that the Court consider a downward variance in this case for the reasons stated herein above. Of specific note is the Defendant's lack of criminal record. Prior to this incident Corey has show a respect for the law as is evidenced by his adherence to it. Also, of note, are the many letters of recommendation that have been provided to the Court that detail Corey's life and describe why the writers believe that he should receive some consideration in the sentencing process. In addition, since his plea, Corey has been willing to assist the Government in its continuing investigation of the corrupt and pervasive environment that existed at Southern Regional Jail and he has fully cooperated and provided all information requested by the Government. In part, he has done so based upon the remorse that he has for his conduct and in an effort to try to insure that the circumstance that led to this case never occur again.

The sentencing range as detailed in the Presentence Report is 188 to 235 months for his conviction in this matter. The Defendant believes that a downward variance would be appropriate for the reasons stated herein but asserts that in the event the Court does not believe that such a variance is warranted that a sentence at the bottom of the guidelines range would be appropriate given the totality of the circumstances herein.

The Defendant would also ask that the Court recommend that he be housed as close to Beckley, West Virginia as is possible so he can maintain ties to his family and to the community.

**Respectfully submitted:**
**Corey Snyder**
**By Counsel**

s/Richard M. Gunnoe
**Richard M. Gunnoe**
**WV State Bar ID #1506**
**Post Office Box 252**
**Lewisburg, West Virginia 24901**
**304- 645- 2222 & 304- 466- 2697**
**gunnoelawoffice300@frontier.com**